```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

_____
                                    :
TOAN NGUYEN,                        :
                                    :
        Petitioner,                 :    Civ. No. 13-4919 (NLH)
                                    :
   v.                               :    OPINION
                                    :
DERICK LOURY,                       :
                                    :
        Respondent.                 :
_____:

APPEARANCES:
Toan Nguyen
10571 Lexington Street
Stanton, CA 90680
     Petitioner Pro se

HILLMAN, District Judge

    Petitioner Toan Nguyen, formerly a state prisoner confined at South Woods State Prison in Bridgeton, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241 challenging the constitutionality of his detention. (ECF No. 1). Petitioner has paid the required filing fee. At this time, the Court must conduct a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. For the reasons set forth below, the Petition will be administratively terminated.

I.   THE APPROPRIATE STATUTE

This matter involves Petitioner's request for trial pursuant to Article III of the Interstate Agreement on Detainers.  Petitioner has filed the Petition pursuant to 28 U.S.C. § 2241. (Pet. 1, ECF No. 1).  However, the United States Court of Appeals for the Third Circuit has determined, based on canons of statutory construction, that because § 2254 is more specific and § 2241 more general, a state prisoner must generally seek relief via a § 2254 petition and not via a § 2241 petition. See Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001); accord BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 1:34 (May 2013) ("The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the *constitutionality* of his detention. Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (such as challenges to parole determinations), so long as the person is in custody pursuant to the judgment of a state court.") (original emphasis removed, alternative emphasis supplied); see also Felker v. Turpin, 518 U.S. 651, 662, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254.").

Therefore, the Petition is more appropriately filed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

## II.   THE APPROPRIATE FORM

Local Civil Rule 81.2(a) requires use of the Court's form unless the petition is prepared by counsel. See AO 241 (modified): DNJ-Habeas-008 (Rev.01-2014).  Here, the Petition is not submitted on the court-provided forms.  Significantly, the Petition does not comport with the requirements of Rule 2 of the Rules Governing Section 2254 Cases.  Among other things, Rule 2 of the Rules Governing Section 2254 Cases requires a petitioner to specify all grounds for relief and to state the facts supporting each ground in the petition. See Habeas Rule 2(c)(1), (2).  Requiring Petitioner to resubmit his Petition on the appropriate Court-provided form will benefit both him and the Court. See Habeas Rule 2(c) advisory committee's note ("Administrative convenience, of benefit to both the court and the petitioner, results from the use of a prescribed form. . . . The requirement of a standard form benefits the petitioner as well.  His assertions are more readily apparent, and a meritorious claim is more likely to be properly raised and support.").

Finally, the Court notes that the Petition submitted by Petitioner in this case does not include language certifying that Petitioner has been advised, consistent with Mason v.

3

Meyers, 208 F.3d 414 (3d Cir. 2000), of the consequences of filing such a petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and that Petitioner is aware of his obligation to file one all-inclusive § 2254 petition. The Court-provided form includes this language and, by executing same, Petitioner will be so advised.

### III. CONCLUSION

For the foregoing reasons, the case will be administratively terminated[1] and Petitioner will be required to resubmit his Petition using the forms provided to him by the Clerk of the Court.

An appropriate Order will follow.

___s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Date: October 6, 2015
At Camden, New Jersey

---

[1] Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dep't., 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs . . . ").